Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9220 | **DATE** | December 28, 2012 |
| **CASE TITLE** | Brandon Walton a/k/a Travis Thomas (#R-66297) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. Dismissal is without prejudice to pursuing relief in the state court system. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Lawrence Correctional Center. This dismissal does not count as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Pontiac Correctional Center as well as a Chicago parole officer, violated the plaintiff's constitutional rights by withholding some of his personal property, by interfering with his access to the courts, and by denying him the opportunity to file a grievance. More specifically, the plaintiff alleges that prison officials mistakenly failed to pack all of his belongings when he was released from prison in connection with a prior term of incarceration; he further maintains that the lost property consisted of law books and legal papers, and that no one was able to tell him how to file a post-release grievance.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $10.02 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

## FACTS

The plaintiff alleges that in November 2011, the day before he was scheduled to be released on parole from the Pontiac Correctional Center, he was told to pack his belongings and send them to the Personal Property Department. The next day, when he went to collect his belongings on departure, he found that his property had been packed for him and that the boxes were sealed with tape. The counselor who presented the plaintiff with a receipt to sign for the property told him not to open the boxes until he reached home.

Once the plaintiff was home and unpacked the boxes, he realized that none of his legal documents or law books had been included in the property boxes. The plaintiff called the Pontiac Correctional Center and spoke to the property supervisor about the missing items. The next day, the supervisor informed the plaintiff that he had found the missing property; he promised to send the plaintiff's additional belongings to him. However, the plaintiff never received the property.

In January 2012, the plaintiff contacted the prison again to inquire about the status of the missing belongings. At that time, he was told that the prison would not forward the plaintiff's property to him. Instead, he was told, he would either have to go to the prison to pick up the items in question or pay for their delivery. The plaintiff was unsuccessful in his efforts to persuade a field supervisor to overrule the decision and have the property mailed to him at State expense.

The bureaucracy frustrated the plaintiff's efforts to file a grievance: officials at Pontiac directed the plaintiff to file a grievance with his parole officer in Chicago, while the parole officer told the plaintiff that he was unaware of parolee grievance procedures and referred the plaintiff back to the prison. Because the plaintiff was unemployed and homeless at the time of his release, he was unable to make arrangements to retrieve his property.

## DISCUSSION

It is most regrettable that the plaintiff, through no fault of his own, lost some of his belongings. But while the defendants deserve no commendation, the court discerns no basis for relief in federal court.

First, a random and unauthorized deprivation of property by a state employee does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Belcher v. Norton*, 497 F.3d 742, 750
**(CONTINUED)**

| STATEMENT (continued) |
|---|

(7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). The Illinois Court of Claims provides the plaintiff with an adequate remedy to redress his property loss. The plaintiff may also file an action in the state circuit court for the tort of conversion. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State has provided an adequate post-deprivation remedy, the loss of the plaintiff's property is not actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

The fact that the materials were legal in nature is insufficient to "constitutionalize" the plaintiff's claims. Although the intentional denial of access to the courts could violate a prisoner's constitutional rights, *see Kincaid v. Vail*, 969 F.2d 594, 602 n. 10 (7th Cir. 1992), an isolated incident of negligence would not. *Id.* "[W]e have made clear that an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) (per curiam). In the case at bar, any impediment to the plaintiff's litigation was a collateral consequence of prison officials' refusal to ship his belongings to him. The defendants did not affirmatively or intentionally interfere with the plaintiff's access to the courts.

Furthermore, a plaintiff claiming denial of access to the courts must show "actual injury"–that is, that a state actor hindered the plaintiff's efforts to pursue a nonfrivolous legal claim. *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). In the present case, the plaintiff has stated no facts indicating that a pending or contemplated case was somehow prejudiced.

Finally, the plaintiff's inability to file a grievance did not amount to a constitutional violation. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* Therefore, the defendants' failure to provide the plaintiff with direction as to how to file a post-release grievance is not actionable under Section 1983.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to pursuing relief in the state court system. Under the circumstances of this case, no "strike" will be assessed under 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may be assessed a "strike."